**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

November 9, 2021

LETTER OPINION

      RE:    *Allyssa L. v. Commissioner, Social Security Administration*
              Civil No. MDLB-20-329

Dear Counsel:

      Plaintiff Allyssa L. filed a motion originally seeking payment of $7,237.65 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").[1] ECF 23. In response, the Commissioner argues that the Court should order a reduced fee since the hours worked were, in part, clerical and duplicative. ECF 30. In Plaintiff's reply, she reduces her request to ask for fees of $6,492.07 and expenses in the amount of $17.25. ECF 31 at 3. I have considered those filings and find that no hearing is necessary. *See* Loc. R. 105. (D. Md. 2021). For the reasons set forth below, Plaintiff's motion for payment of attorney's fees is GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded the full reduced sum she requests in her reply.

      Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Id.*

      Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980) (emphasis in original)). Further, the district court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the duty to ensure that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

---

[1] The Commissioner does not dispute Plaintiff's claim for $17.25 in expenses associated with effecting service. Therefore, Plaintiff will be awarded this amount in addition to her EAJA fees.

*Allyssa L. v. Commissioner, Social Security Administration*
Civil No. MDLB-20-329
November 9, 2021
Page 2

In this case, Plaintiff agrees in her reply to the Commissioner's proposed hourly rate of $207.78. The Commissioner does not contest that Plaintiff's attorneys are entitled to receive a fee under the EAJA. Instead, the Commissioner's contentions are that Plaintiff's counsel billed for some non-compensable time and billed excessive hours for certain tasks. The Commissioner is correct that "'[t]asks of a clerical nature are not compensable as attorney's fees.'" *Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1348 (M.D. Fla. 2002) (quoting *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000)) (denying compensation for mailing a complaint and summons); *see also Magwood v. Astrue*, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009) (finding that clerical tasks should be excluded from the total fee under the EAJA); *Chapman v. Astrue*, 2:08CV00040, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (finding "purely clerical tasks are ordinarily a part of a law office's overhead and should not be compensated for at all."). The Commissioner also correctly notes that Plaintiff's timesheet includes a number of 0.1 hours entries for "reviewing" relatively routine docket entries, and that this Court has historically discounted those entries in recognition of the fact that most of them take mere seconds, not six minutes, to review. Finally, the Commissioner contends that this case involved local counsel, which resulted in some duplicative billing entries attributable only to the fact that Plaintiff opted to use attorneys from out-of-state.

While Plaintiff's reply memoranda does not clearly state which of Defendant's proposed reductions she incorporated to reach her compromise request of $6,492.07 in fees, by this Court's calculations, the amount represents about a ten percent discount from the total that would have resulted from multiplying the revised hourly rate times the total hours Plaintiff claimed, with the addition of the hours her counsel spent drafting the reply to the fee petition. This Court commends Plaintiff for her reasonableness and believes that the reduction adequately accounts for the time entries that would have warranted elimination as a result of the arguments made by the Commissioner. Even with that reasonable compromise, the amount remains significantly above the heartland of (and is sometimes more than double or triple the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture. *See Dunlap v. Kijakazi*, Civil No. JMC-20-2214 (Nov. 4, 2021) (awarding fees in the amount of $1,280.55); *Gaylord v. Kijakazi,* 20-784-JMC (Nov. 4, 2021) (awarding fees in the amount of $3,616.32); *Hurley v. Kijakazi,* Civil No. 20-1156-SAG (Nov. 4, 2021) (awarding fees in the amount of $1,925.00); *Carter v. Kijakazi*, Civil No. SAG-20-2306 (Nov. 4, 2021) (awarding fees in the amount of $3,416.74); *Lashley v. Kijakazi*, Civil No. JMC-20-2673 (Nov. 4, 2021) (awarding fees in the amount of $2,377.32); *Cooper v. Kijakazi,* Civil No. JMC-20-2988 (Nov. 3, 2021) (awarding fees in the amount of $2,108.79). Accordingly, Plaintiff's Motion for Attorney Fees will be GRANTED IN PART AND DENIED IN PART and Plaintiff will be awarded her reduced request of $6,492.07 in fees and $17.25 in costs. An implementing order follows.

Despite the informal nature of this letter, it should be flagged as an opinion.

*Allyssa L. v. Commissioner, Social Security Administration*
Civil No. MDLB-20-329
November 9, 2021
Page 3

                                          Sincerely yours,

                                                    /s/

                                        Stephanie A. Gallagher
                                        United States District Judge